a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILKENS PHILIUS,<br>Petitioner | CIVIL ACTION NO. 1:19-CV-701-P |
| VERSUS | JUDGE DEE D. DRELL |
| KEVIN McALEENAN, ET AL.,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is an "Emergency Motion for Temporary Injunction" (Doc. 1) filed by pro se Petitioner Wilkens Philius ("Philius") (#A024685669). Philius is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"), detained at the Alexandria Staging Facility in Alexandria, Louisiana.

Because this Court lacks jurisdiction to review Philius's removal order or enjoin his removal from the United States, his Emergency Motion (Doc. 1) should be DENIED and—to the extent his Motion can be construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241— DISMISSED WITHOUT PREJUDICE.

I. Background

Philius seeks to enjoin his removal from the United States and alleges the Immigration Judge lacked jurisdiction over his case. (Doc. 1, p. 3).

II. Law and Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." Kokkonen v. Guardian Life Ins.

Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. See Hartford Ins. Group v. Lou–Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Philius must prove that jurisdiction exists. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007). Philius's challenge to the jurisdiction of the immigration judge in ordering his removal is a challenge to the validity of the order of removal itself. This Court lacks jurisdiction over the order of removal.

Moreover, the Fifth Circuit has specifically held that district courts lack jurisdiction to consider requests for a stay of removal proceedings. Idokogi v. Ashcroft, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay. . . ."). Nothing about Philius's Motion or circumstances falls beyond the scope of this binding line of precedent.

Therefore, this Court lacks jurisdiction to review the validity of Philius's order of removal, or to enjoin DHS/ICE from removing Philius from the United States.

III.   Conclusion

Because this Court lacks jurisdiction to review Philius's removal order or to enjoin DHS/ICE from removing him from the United States, IT IS RECOMMENDED that Philius's Emergency Motion (Doc. 1) should be DENIED and—to the extent his Motion can be construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241—DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  4th  day of June, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge